IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GREGORY S. MCBIDE and CONCETTA MCBRIDE,<br><br>        Plaintiff,<br>v.<br><br>FIRST CALIFORNIA MORTGAGE COMPANY; LUMINENT MORTGAGE LOAN TRUST 2006-6; HSBC BANK, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS ("MERS"); AURORA SERVICING COMPANY, and DOES 1-20, Inclusive, et al.<br>,<br>        Defendants.<br>_____/ | No. C 12-04054<br><br>**ORDER DENYING *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND SCHEDULING HEARING ON MOTION FOR PRELIMINARY INJUNCTION** |

## I. INTRODUCTION

In this recently filed mortgage foreclosure action, plaintiffs Gregory and Concetta McBride apply, on an *ex parte* basis, for a temporary restraining order (TRO), or an order to show cause as to why a preliminary injunction should not issue. Specifically, plaintiffs request a restraining order against defendants enjoining them from transferring ownership of or further encumbering the property at issue, 471 Monterey Salinas Hwy, Salinas, California 93908. The request was filed, and served by email on defendants, who have not appeared to object to the entry of the TRO. The motion was taken under submission pursuant to Civil Local Rule 7-1(b), and for the reasons set forth below, it must be denied.

## II. DISCUSSION

Legal Standard

A TRO may be granted upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." ed. R. Civ. P.

1

65(b)(1)(A). The purpose of such an order, as a form of preliminary injunctive relief, is to preserve the status quo and prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974). A request for a TRO is evaluated by the same factors that generally apply to a preliminary injunction, *see Stuhlbarg Int'l. Sales Co. v. John D. Brushy & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001), and as a form of preliminary injunction, a TRO is an "extraordinary remedy" that is "never granted as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Rather, the moving party bears the burden of demonstrating that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20. Alternatively, if the moving party can demonstrate the requisite likelihood of irreparable harm, and show that an injunction is in the public interest, a preliminary injunction may issue so long as there are serious questions going to the merits and the balance of hardships tips sharply in the moving party's favor. *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

Analysis

In support of "immediate, irreparable injury," plaintiffs state in their motion that their home is "subject to a foreclosure sale and will be sold within the next week." However, there are no facts to indicate that a trustee sale has been noticed. Therefore, any legal sale must be at least 20 days away, given that California Civil Code §2924f(b) requires such advance notice. Absent any likelihood of immediate harm, plaintiffs are not entitled to a TRO, and the motion must be denied. Should a notice of trustee sale be issued, plaintiffs may then seek to renew their request on that basis, or note the changed circumstances in support of their request for a preliminary injunction, which is set for a hearing and further briefing below.

Turning to the merits, plaintiffs declare that they "have never been contacted by [their] lender prior to the filing of a notice of default in the subsequent foreclosure activity." Plaintiff Decl. ¶2. Plaintiffs point to California Civil Code §2923.5 in support of the requirement that pre-recording notice be given to the buyer. While such a procedural defect is not sufficient to set aside a

foreclosure that has already taken place, it is unclear at this point the effect that such a defect would have prior to foreclosure sale.  This discussion of the merits will be taken up at the hearing for a preliminary injunction.

### III. CONCLUSION

For the reasons explained above, plaintiffs' request for a TRO must be denied.  <u>A hearing on plaintiffs' motion for a preliminary injunction shall be held at 1:30 p.m. on October 4, 2012, in Courtroom 3, 17th Floor, 450 Golden Gate Avenue, San Francisco.  The Court reserves the right to adjudicate the motion without a hearing, pursuant to Civil Local Rule 7-1(b).</u>  Plaintiffs may, if they so elect, file a further brief, no longer than 10 written pages (excluding exhibits and other supporting materials), in support of their motion for a preliminary injunction by 4 p.m. on Monday, September 24, 2012.  Defendants may file an opposition brief of the same length by 4 p.m. on Wednesday September 26, 2012.

IT IS SO ORDERED.

Dated: 09/19/2012

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE