IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GREGORY S. MCBRIDE and CONCETTA MCBRIDE,<br><br>   Plaintiff,<br><br>   v.<br><br>FIRST CALIFORNIA MORTGAGE COMPANY, et al.,<br><br>   Defendants.<br>_____ / | No. C 12-04054 RS<br><br>**ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND** |

## I.  INTRODUCTION

Plaintiffs filed an action in Monterey Superior Court advancing claims which include violations of the federal Truth in Lending Act, and the Real Estate and Settlement Procedures Act.  Defendants removed the action to federal court and defendant First California Mortgage Company moved to dismiss the complaint in its entirety.  The complaint was dismissed with leave to amend.  Plaintiffs submitted a First Amended Complaint ("FAC") against all defendants except First California Mortgage Company.  Plaintiffs unsuccessfully moved for entry of default judgment with respect to defendants Mortgage Electronic Registration Systems, Inc. ("MERS"), HSBC Bank USA, and Luminent Mortgage Trust 2006-6.  Defendant Aurora Loan Services,

1 LLC ("Aurora") then moved to dismiss under Rule 12(b)(6). The motion was granted on
2 January 14, 2013. Defendant MERS now moves to dismiss under Rule 12(b)(6). Pursuant to
3 Civil Local Rule 7-1(b), this matter is suitable for disposition without oral argument. For the
4 reasons set forth below, the motion to dismiss is granted without leave to amend.

## II.   BACKGROUND[1]

This action arises out of the foreclosure of plaintiffs' residence at 471 Salinas Hwy in Salinas, California. Plaintiffs dispute the current deed of trust reflecting title to the property and allege defendants cannot establish possession and proper transfer of the Promissory Note or assignment of the mortgage. Plaintiffs obtained a securitization audit showing that First California Mortgage Company extended a loan to them, but shortly thereafter the promissory note was sold to Luminent Mortgage Loan Trust 2006-6 and HSBC Bank USA, N.A., became its Trustee. According to the Pooling and Servicing Agreement associated with the note, the Trust purchased mortgage default insurance. Plaintiffs aver the Trustee applied for an insurance pay-out of the loan balance after plaintiffs did not make three consecutive payments. As a result, plaintiffs claim the promissory note has been paid in full. Plaintiffs go on to state MERS cannot assign any rights to the mortgage or deed of trust to a third party, and that MERS is not a true beneficiary of the loan. Thus, they claim, any transfer assignment of the mortgage is invalid under state and federal law. Finally, plaintiffs allege that, in order for the Trustee to have a valid and enforceable claim against plaintiffs' home, it must prove that there was a complete and unbroken chain of endorsements and transfers of the Note and that the Trustee has physical possession of it. On the basis of these allegations, plaintiffs seek cancellation of the mortgage instruments. Accordingly, plaintiffs bring this action for Quiet Title, Declaratory Relief, Wrongful Foreclosure, and Fraud.

## III.   LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Pleadings must be so construed so as to do

---

[1] The facts recited above derive from Plaintiffs' First Amended Complaint, filed on October 15, 2012, which must be taken as true for the purposes of a motion to dismiss.

1  justice." Fed. R. Civ. P. 8(e). While "detailed factual allegations are not required," a complaint
2  must have sufficient factual allegations to "state a claim to relief that is plausible on its face."
3  *Ashcroft v. Iqbal,* 566 U.S. 652, 678 (2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 570
4  (2007)). A claim is facially plausible "when the pleaded factual content allows the court to draw
5  the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This
6  standard asks for "more than a sheer possibility that a defendant acted unlawfully." *Id.* This
7  determination is a context-specific task requiring the court "to draw in its judicial experience and
8  common sense." *Id*. at 1950.

9  A motion to dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil
10 Procedure tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of
11 Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal under Rule 12(b)(6) may
12 be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts
13 alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699
14 (9th Cir. 1990). When evaluating such a motion, the court must accept all material allegations in
15 the complaint as true, even if doubtful, and construe them in the light most favorable to the non-
16 moving party. *Twombly*, 550 U.S. at 570. "[C]onclusory allegations of law and unwarranted
17 inferences," however, "are insufficient to defeat a motion to dismiss for failure to state a clam."
18 *Epstein v. Wash. Energy Co.,* 83 F.3d 1136, 1140 (9th Cir. 1996); *see also Twombly*, 550 U.S. at
19 555 ("threadbare recitals of the elements of the claim for relief, supported by mere conclusory
20 statements," are not taken as true).

21 In dismissing a complaint, leave to amend must be granted unless it is clear that the
22 complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't of Corporations*, 66
23 F.3d 245, 248 (9th Cir. 1995). When amendment would be futile, however, dismissal may be
24 ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

IV. DISCUSSION

A. Quiet Title (Claim One)

Plaintiffs aver MERS has no right to title, estate, lien, or any other interest in the property and assert a quiet title claim against MERS. Plaintiffs recite the requisite elements of a quiet title claim and reassure this Court the promissory note obligations have been fulfilled, but do not bring forth any evidence showing a tender of payment in accordance with the terms of the promissory note. As discussed in the September 24, 2012 Order dismissing the first complaint, a foreclosure can only be set aside with evidence establishing performance of the promissory note through tender or the ability to effect tender. *See Agbabiaka v. HSBC Bank USA Nat. Assc.*, 2010 WL 1609974, *6 (N.D. Cal. Apr. 20, 2010). Neither a plain assertion of such performance nor recitation of legal elements will suffice. *See Id.* Because plaintiffs have still not provided evidence supporting a right to title, estate, lien, or any other interest in the property, this claim must be dismissed without leave to amend.

B. Declaratory Relief (Claim Two)

As made clear in the September 24, 2012 Order, declaratory relief is an equitable remedy, not an independent claim. When the harm has already occurred, the party must seek damages rather than declaratory relief. *Canova v. Trustees of Imperial Irr. Dist. Employee Pension Plan*, 150 Cal.App.4th 1487, 1497 (2007). "Declaratory relief operates prospectively to declare future rights, rather than to redress past wrongs." *Id.* Plaintiffs' FAC and Opposition to Defendant's Motion to Dismiss reflect their misunderstanding of this prior Order, as the foreclosure sale occurred more than two years ago. Any wrongdoings regarding the assignment of MERS's interest in the property, even if supported by evidence, would redress past wrongs and thus precludes plaintiffs from seeking declaratory relief. *See Id.* Since the last Order, plaintiffs have not averred any new facts suggesting declaratory relief is necessary to prevent future harms. Because plaintiffs were specifically instructed that, in order to support a claim for declaratory relief they must so aver, this claim is dismissed without leave to amend.

C. <u>Wrongful Foreclosure (Claim Three)</u>

Plaintiffs maintain MERS does not have the authority to transfer its interest in the property. Despite the September 24, 2012 Order explaining that MERS has the power to assign its interest under a deed of trust, plaintiffs continue to rely on technical arguments that MERS may not properly transfer the loan, that it may not foreclose, that the Note was not physically transferred when the loan was purchased from defendant, and that the owner of the loan was paid off by insurance after plaintiffs defaulted. As previously explained, even if there was a defect or irregularity in the assignment or foreclosure, such a defect cannot form the basis for setting aside the sale or for damages unless the borrower was prejudiced as a result. *Herrera v. Federal National Mortgage Assn.*, 205 Cal.App.4th 1495, 1507-08 (2012). Any prejudice to plaintiffs cannot be assumed by procedural irregularities and must show how the borrower was prejudiced. *Id*. Plaintiffs only aver past and future suffering as a result of the foreclosure, but fail to describe how the alleged irregularities prejudiced them in any capacity. Moreover, in their Opposition to this Motion, plaintiffs fail to address why this claim should not be dismissed and focus solely on the first and second causes of action. Accordingly, their claim of wrongful foreclosure is dismissed without leave to amend.

D. <u>Fraud (Claim Four)</u>

Claims sounding in fraud are subject to heightened pleading requirements under Rule 9(b) of the Federal Rules of Civil Procedure. "In allegations of fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." To satisfy this rule, plaintiff must allege the "who, what, where, when, and how" of the charged misconduct. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997). In other words, "the circumstances constituting the alleged fraud [must] be specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong." *Vess v. Ciba-Geigy Corp. U.S.A.*, 317 F.3d 1097, 1106 (9th Cir. 2003). However, unlike the circumstances of the fraud, "intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. Proc. 9(b).

1 Plaintiffs allege Aurora intentionally misrepresented its entitlement to receive mortgage payments from plaintiffs. This allegation, however, does not address any misrepresentation on behalf of MERS and it remains unclear as to why MERS was included as a defendant regarding this claim. Plaintiffs further assert defendant is guilty of malice, fraud and oppression in taking mortgage payments not due to them. These statements are nothing more than legal conclusions, and are unsupported by specific facts as required by the heightened standards of Rule 9(b). As discussed above, plaintiffs have not pled facts sufficient to sustain a claim of wrongful foreclosure or to quiet title. It follows that plaintiff cannot rely on assumptions of such wrongdoing in their claim of fraud. Additionally, plaintiffs have not alleged how such misrepresentations were made, nor the sections of law that defendant allegedly violated in its disclosure procedures. Furthermore, plaintiffs fail to address in their Opposition why this claim should not be dismissed. Thus, plaintiffs' fourth claim for relief must be dismissed without leave to amend.

## V.   CONCLUSION

For the foregoing reasons, MERS's motion to dismiss is granted in its entirety. The Clerk is instructed to terminate MERS. On May 31, 2013, plaintiffs were directed either to correct the problems of service or to file a properly noticed motion addressing the validity of service. Plaintiffs have failed to take action as directed. As a result, remaining named defendants Luminent Mortgage Loan Trust and HSBC Bank, N.A. shall also be dismissed. As no defendants remain, the Clerk is instructed to close the case file.

IT IS SO ORDERED.

Dated: 7/1/13

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

No. 12-cv-04054 RS
ORDER